**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
WESTERN DIVISION**

| | | |
|---|---|---|
| Kathy L. Ink, | : | Case No. 3:07 CV 3908 |
| Plaintiff, | : | |
| v. | : | **MEMORANDUM DECISION AND ORDER** |
| Commissioner of Social Security, | : | |
| Defendant. | : | |

The parties have consented to have the undersigned Magistrate enter judgment in this case pursuant to 28 U.S.C. § 636 (c) (1).  Plaintiff filed a Motion for Attorney Fees and Expenses pursuant to the Equal Access to Justice Act (EAJA) 28 U.S.C. § 2412 (Docket No. 23) to which Defendant filed a Response (Docket No. 24) and Plaintiff filed a Reply (Docket No. 25).  For the reasons set forth below, Plaintiff's Motion for Attorney Fees and Expense is granted.

**PROCEDURAL BACKGROUND**

Plaintiff's applications for SSI and DIB, filed on July 28, 2004, were denied initially and on reconsideration (Tr. 48-50, 255).  Plaintiff filed a claim for Disabled Widow's Benefits (DWB) on October 25, 2005.  A hearing on all claims was conducted on November 23, 2005, before Administrative Law Judge (ALJ) Frederick McGrath (Tr. 269).  Plaintiff, represented by counsel, and Vocational Expert

(VE) Robert Bond appeared and testified. On May 26, 2006, the ALJ rendered an unfavorable decision finding that Plaintiff was not disabled as defined under the Act (Tr. 14-20). The Appeals Council denied Plaintiff's request for review on November 2, 2007, rendering the ALJ's decision the final decision of the Commissioner (Tr. 4-6). The Magistrate reversed and remanded the case to the Commissioner to (1) evaluate Plaintiff's symptoms, including pain, and make a finding about the credibility of these statements and their functional effect; (2) explain the factors considered in assessing the credibility of the Plaintiff's statements about symptoms; and (3) explain the reasons for the credibility finding (Docket No. 21).

## EAJA STANDARD FOR AWARDING FEES

A court may award reasonable fees and expenses of attorneys, in addition to the costs which may be awarded pursuant to subsection (a), to the prevailing party in any civil action brought by or against the United States or any agency or any official of the United States acting in his or her official capacity in any court having jurisdiction of such action. 28 U. S. C. § 2412(b) (Thomson Reuters 2009). The United States shall be liable for such fees and expenses to the same extent that any other party would be liable under the common law or under the terms of any statute which specifically provides for such an award. 28 U.S.C.A. § 2412(b) (Thomson Reuters 2009). A party seeking an award of fees and other expenses shall, within thirty days of final judgment in the action, submit to the court an application for fees and other expenses which shows that: (1) the party is a prevailing party, (2) the party is eligible to receive an award under this subsection, (3) the position of the United States was not substantially justified and (4) the itemized statement from any attorney or expert witness representing or appearing in behalf of the party states the actual time expended and the rate at which fees and other expenses were computed. 28 U. S. C. § 2412(d)(1)(B) (Thomson Reuters 2009).

Whether the position of the United States was substantially justified shall be determined on the basis of the record (including the record with respect to the action or failure to act by the agency upon which the civil action is based) which is made in the civil action for which fees and other expenses are sought. 28 U. S. C. § 2412(d)(1)(B) (Thomson Reuters 2009). The fee applicant bears the burden of establishing entitlement to an award and documenting the appropriate hours expended and hourly rates. *Hensley v. Eckerhart,* 103 S. Ct. 1933, 1941 (1983).

## DISCUSSION

Plaintiff argues that she has established her entitlement to an award of attorney fees totaling $3,423.02 and expenses of $30.75. She claims that she was the prevailing party in this litigation as the Defendant's position was not substantially justified. In support, Plaintiff presents an itemized statement of the actual time expended and the rate at which fees were computed (Docket No. 25, Exhibit A).

**1.      Prevailing Party.**

A Social Security claimant who obtains a remand order pursuant to sentence four of 42 U.S.C. § 405(g) is a prevailing party for purposes of the EAJA. *Olive v. Commissioner of Social Security,* 534 F. Supp. 2d 756, 758 (N. D. Ohio 2008) (*citing Shalala v. Schaefer,* 113 S. Ct. 2625 (1993)).

In this case, Plaintiff obtained an order remanding his case pursuant to sentence four of 42 U. S. C. § 405(g).

2**.      Substantial Justification.**

Defendant argues that there was nothing inconsistent about the VE testifying that Plaintiff could perform light work considering that all light jobs are not alike. The VE's testimony was uncontradicted and the agency was substantially justified in relying on it. Consequently, Plaintiff is not entitled to an

award of fees.

A plaintiff is presumptively entitled to attorney's fees unless the government can meet its burden of showing that the position of the United States was substantially justified or that special circumstances make an award unjust. *Id.* The government's position is substantially justified if it is "justified in substance or in the main-that is, justified to a degree that could satisfy a reasonable person." *Id.* (*citing Pierce v. Underwood,* 108 S. Ct. 2541, 2550 (1988)). The government's position can be justified although it is not correct and it can be substantially justified if a reasonable person could think that it is correct. *Id.* (*citing Pierce, supra*, 108 S. Ct. at 2550). Simply stated, even if the position is unsupported by substantial evidence, the Commissioner is not foreclosed from the possibility that the position was substantially justified. *Id.* Congress did not intend that the "substantially justified" standard be read to raise a presumption that the government position was not substantially justified because it was unsuccessful in a case. *Id.* (*citing Howard v. Barnhart,* 376 F.3d 551, 554 (6th Cir. 2004) (internal citations and quotation marks omitted)). The terms "substantially justified" typically has not meant "justified to a high degree." Rather, the standard is satisfied if there is a "genuine dispute." In other words, the Court explained, the government's position is substantially justified if it is "justified in substance or in the main—that is, justified to a degree that could satisfy a reasonable person."

Defendant is reminded that the Sixth Circuit requires that where the objective medical evidence does not substantiate the claimant's subjective complaints, the ALJ must pass on the credibility of the claimant in making those complaints. *Walters v. Commissioner of Social Sec*urity, 127 F.3d 525, 531 (6th Cir. 1997). However, the regulations governing the Social Security Administration require that if the ALJ rejects the claimant's complaints as incredible, he or she must clearly state his or her reasons for doing so. TITLES II AND XVI: EVALUATION OF SYMPTOMS IN DISABILITY CLAIMS: ASSESSING THE

CREDIBILITY OF AN INDIVIDUAL'S STATEMENTS, SOCIAL SECURITY RULING (SSR) 96-7p, 1996 WL 374186, *1 (July 2, 1996). It is not sufficient for the adjudicator to make a single, conclusory statement that the allegations are not credible or to recite the regulations. SSR, 1996 WL 374186 at *2. The determination or decision must contain specific reasons for the finding on credibility, supported by the evidence in the case record, and must be sufficiently specific to make clear to the individual and to any subsequent reviewers the weight the adjudicator gave to the individual's statements and the reasons for that weight. SSR, 1996 WL 374186 at *2.

The Magistrate cannot find that the government's position, suggesting that the Commissioner disregard his own procedures, is substantially justified particularly since Plaintiff alleged such debilitating pain. Even if Plaintiff's condition improved, as suggested by Defendant, Plaintiff was entitled to a credibility determination especially with regard to allegations of pain. The ALJ was obligated to articulate his or her reasons for credibility findings. Such consideration was crucial to the resolution of the claim and essential for meaningful judicial and/or appellate review. Even if the remand is futile as to the result, there is no substantial justification for failing to make this finding consistent with the Commissioner's own regulations.

**3.    COMPENSABLE HOURS.**

Plaintiff has successfully met the threshold requirements and determined her entitlement to an award of attorney fees. The Magistrate next addresses the applicable standard applied in determining the amount of attorney fees to be awarded. In pertinent part, counsel seek compensation based on a calculation of the number of hours reasonably expended on this litigation multiplied by an enhanced hourly rate. Defendant does not contest the amount of hours expended, the reasonableness of the amount of hours expended or the amount of costs for which reimbursement is sought.

The party seeking an award of attorney's fees has the burden of proving that the number of hours for which compensation is sought was reasonably expended. *Haiges v. Commissioner of Social Security,* 2008 WL 5412898, *4 (S. D. Ohio 2008) (*Copeland v. Marshall*, 641 F. 2d 880, 937 (6th Cir. 1980); *see also Granzeier v. Middleton*, 173 F.3d 568, 577 (6th Cir. 1999)). Counsel for the prevailing party should make a good faith effort to exclude from the fee request, hours that are excessive, redundant or otherwise unnecessary. *Id.* Hours may be cut for duplication, padding or frivolous claims. *Holden v. Bowen*, 668 F. Supp. 1042 (N. D. Ohio 1986). Beyond the allowances for duplicative services, the district court must identify those hours and articulate the reasons for their elimination from hours of service adequately documented. *Id.* An award of fees for preparation of the fee application is compensable under EAJA. *Seymore v. Secretary of Health and Human Services,* 738 F. Supp. 235 (N.D. Ohio 1990).

The Magistrate has reviewed the schedule of services performed by Plaintiff's counsel and she is persuaded that counsel for Plaintiff has made a good faith effort to exclude excessive, redundant or unnecessary hours. The request for fees is adequately documented and there is no evidence of duplicative services, padding or frivolous claims in the 19.2 hours used to advance Plaintiff's claims. In fact, counsel's request is consistent with attorney fee cases decided during the past in which the attorney of record was awarded fees for expending approximately 25 hours to successfully defend the case. *See Hopkins v. Commissioner*, 3:07 CV 2121 and *McClanahan v. Commissioner,* 3:00 CV 7196. The compensable hours in this case totals 19.8.

**4.    HOURLY RATES.**

Under 28 U. S. C. § 2412(d) (1)(A), the amount of fees awarded shall be based upon prevailing market rates for the kind and quality of the services furnished, except that attorney fees shall not be awarded in excess of $125 per hour unless the court determines that an increase in the cost of living or

a special factor, such as the limited availability of qualified attorneys for the proceedings involved, justifies a higher fee. The Court has discretion, however, to make adjustments to the hourly rate based upon increases in the Consumer Price Index (CPI). *Seidlitz v. Commissioner of Social Security*, 2008 WL 2796585 *1 (N. D. Ohio 2008) (unreported).

Counsel is one of three of a limited number of qualified attorneys who are willing or able to handle social security cases. They request a rate of $172.88 per hour. The Magistrate has been sufficiently convinced by the cost of living increase reflected in the CPI, that the rate of $172.88 per hours is more accurate and appropriate for work completed in 2007 and 2008 particularly since the Magistrate finds that the inflation calculator shows the buying power of $125 per hour from 1992 equals $184.73 per hour in 2007. Www.bls.gov. The Magistrate finds that counsel's request for an enhanced fee of $172.88 per hour is reasonable.

**6.     TOTAL AWARD.**

The Magistrate finds that the amount of hours reasonable expended by $172.88 per hour equals $3,319.30. Section 2412 also provides for an award of costs. Plaintiff is awarded costs totaling $30.75.

### CONCLUSION

For these reasons, Plaintiff is awarded judgment for attorney fees and costs totaling $3,350.05.

IT IS SO ORDERED.

/s/ Vernelis K. Armstrong
United States Magistrate Judge

Date:   May 14, 2010