**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF OHIO**
**WESTERN DIVISION**

| | | |
|---|---|---|
| Kathy L. Ink, | : | Case No. 3:07 CV 3908 |
| Plaintiff, | : | |
| v. | : | **MEMORANDUM DECISION AND ORDER** |
| Commissioner of Social Security, | : | |
| Defendant. | : | |

Plaintiff seeks an order altering or amending this Court's Memorandum Decision and Order granting Plaintiff an award of attorney fees and costs.  Pending before the Court is Plaintiff's Motion to Alter/Amend Judgment and Defendant's Response (Docket Nos. 27 and 28).  For the reasons that follow, Plaintiff's Motion is granted.

**I. PROCEDURAL HISTORY.**

Plaintiff's applications for Supplemental Security Income, Disability Insurance Benefits and

Disabled Widow's Benefits were all denied initially and upon reconsideration (Tr. 48-50, 255).  After a hearing on all claims was conducted before an Administrative Law Judge (ALJ), an unfavorable decision was issued (Tr. 14-20).  The Commissioner's decision became final when the Appeals Council denied Plaintiff's request for review on November 2, 2007 (Tr. 4-6).  The Magistrate reversed and remanded the case to the Commissioner, pursuant to sentence four of 42 U.S.C. § 405(g), to re-evaluate Plaintiff's symptoms, assess credibility and explain the reasons for the credibility finding (Docket No. 21).

Plaintiff filed a Motion for Attorney Fees, Defendant filed a Response and Plaintiff filed a Reply (Docket Nos. 23, 24 and 25).  A Memorandum Decision and Order awarding judgment for attorney fees and costs totaling $3,450.05 was filed (Docket No. 26).  Plaintiff seeks to an order altering and/or amending the Memorandum Decision and Order.

## II. ANALYSIS OF PLAINTIFF'S FIRST CLAIM

Plaintiff's first claim is that the Memorandum Decision and Order uses two different numbers for the total requested attorney fees–19.2 and 19.8.  The Order should be altered to reflect that the corrected total number of hours expended, based on detailed time schedules, is 19.8.  This amount of hours multiplied by the approved hourly rate of $172.88 equals $3,423.02 plus the approved fees of $30.75 yield a total of $3,453.77.

Defendant filed a response indicating that the Commissioner would not file a response to Plaintiff's request to alter or amend the fee award.

### A. THE LEGAL STANDARD.

FED. R. CIV. P. 60(a) provides, in relevant part, that the court, on its own initiative or upon motion of any party, may correct clerical mistakes in judgments, orders, or other parts of the record and errors

2

therein arising from oversight or omission.  The basic purpose of the rule is to authorize the court to correct errors that are mechanical in nature that arise from oversight or omission, including inadvertent omissions from the record.  11 C. WRIGHT, A. MILLER & M. KANE, FEDERAL PRACTICE AND PROCEDURE: FEDERAL RULES OF CIVIL PROCEDURE § 2854, at 246-47.  The rule applies only to clerical errors in transcription, copying or calculation and does not authorize the court to revisit its legal analysis or otherwise correct errors in substantive judgment.  *Olle v. Henry & Wright Corporation*, 910 F.2d 357, 364 (6th Cir. 1990)).

### B.    THE APPLICATION

The Magistrate finds that Plaintiff's motion is well taken.  The Memorandum Decision and Order awarding judgment to Plaintiff for attorney fees and costs should be amended by interlineation to state that the number of hours expended, based on detailed time schedules, is 19.8.  This amount of hours multiplied by the approved hourly rate of $172.88 equals $3,423.02 plus the approved fees of $30.75 yields a total of $3,453.77.  Plaintiff is awarded attorney fees and costs in the amount of $3,453.77.

### III.  ANALYSIS OF PLAINTIFFS' SECOND CLAIM.

In his Reply, Plaintiff's counsel requests supplemental attorney fees for preparing his Reply to the Defendant's opposition to his request for attorney fees.  Specifically, Plaintiff seeks an award of $1,071.86 which represents 6.2 hours spent on May 22, 2009, to research and prepare this pleading.  Plaintiff also requests that the Court grant this request based on the originally requested rate of $172.88 per hour.

Defendant  indicates in its pleading  that the Commissioner would not file a response to Plaintiff's request.

### A. THE LEGAL STANDARD.

A federal statute empowers the Secretary and the federal court to fix attorney fees for services performed in connection with work done in Social Security cases.  42 U.S.C. § 406 (Thomson Reuters 2010).  The party seeking an award of attorney's fees has the burden of proving that the number of hours for which compensation is sought was reasonably expended.  *Ink v. Commissioner of Social Security,* 2010 WL 1957462, *3 (N. D. Ohio 2010) (*citing Haiges v. Commissioner of Social Security,* 2008 WL 5412898, *4 (S. D. Ohio 2008); *Copeland v. Marshall,* 641 F.2d 880, 937 (6th Cir.1980); *see also Granzeier v. Middleton,* 173 F.3d 568, 577 (6th Cir. 1999)).  Counsel for the prevailing party should make a good faith effort to exclude from the fee request, hours that are excessive, redundant or otherwise unnecessary.  *Id.*  Hours may be cut for duplication, padding or frivolous claims.  *Id.* (*citing Holden v. Bowen,* 668 F. Supp. 1042 (N. D. Ohio 1986)).

### B. THE APPLICATION.

Although Plaintiff failed to present a schedule of costs and expenses to substantiate that the number of hours spent preparing the Reply was reasonably expended, the Magistrate acknowledges that the Reply is well articulated.  The arguments made in the Reply are neither redundant nor unnecessary.  Comparing the arguments made by Defendant in the Response to Plaintiff's Request for Attorney Fees to the arguments made in the Reply, the number of hours used to advance Plaintiff's arguments is reasonable under the circumstances.  The Magistrate finds that Plaintiff is entitled to additional attorney fees totaling $1,071.86.

### IV. CONCLUSION

For these reasons, Plaintiff's Motion to Alter or Amend Judgment is granted.  The Memorandum Decision and Order awarding judgment for attorney fees and costs shall be amended by interlineation to include judgment for attorney fees and costs of $3,453.77.  Plaintiff shall be awarded judgment for

4

additional attorney fees of $1,071.86 for a total judgment of fees and costs totaling $4,525.63.

**IT IS SO ORDERED.**


/s/ Vernelis K. Armstrong
United States Magistrate Judge

Date:   September 30, 2010

5